IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH WAYNE CANTRELL,<br><br>Defendant. | CR  22-15-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

The Defendant, by consent, appeared before me on December 29, 2022, under Fed. R. Crim. P. 11 for a change of plea hearing.  There are three charges, Counts 1-3, presented in the Indictment: carjacking in violation of 18 U.S.C. § 2119(1); possession of a firearm in furtherance in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i),(ii); and prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

When asked to describe to the Court the acts he committed that justify his plea of guilty as to the carjacking charge, Defendant, while under oath, did not acknowledge an essential element of the offense.  Specifically, the carjacking statute requires that the offense be committed "with the intent to cause death or serious bodily harm," which the Supreme Court has interpreted to require proof

1

"beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *Holloway v. United States*, 526 U.S. 1, 12 (1999). During the change of plea hearing, Defendant acknowledged that he brandished a firearm in an attempt to get the driver of the vehicle out of the car, but stated he did not intend to cause death or serious bodily harm if necessary to steal the car.

The Court permitted the Defendant and his counsel the opportunity to confer, and Defendant's counsel moved to vacate the change of plea hearing. The motion was granted, and thus, the remaining counts in the Indictment were not considered.

Based on the information presented at the hearing, I am unable to find a sufficient factual basis that Defendant is guilty of the charge of carjacking, in violation of 18 U.S.C. § 2119(1), included in the Indictment (Doc. 1).

Therefore, IT IS RECOMMENDED that the Court at this time DENY Defendant's motion to change his plea to guilty to the charges in the Indictment.

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF RIGHT TO OBJECT

Objections to these Findings and Recommendation are waived unless filed and served within fourteen (14) days after the filing of these Findings and Recommendation.  28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P 59(b)(2).

DATED this 29th day of December, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge